Joseph Hertogs, San Francisco, Cal., for plaintiff.

C. Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for defendant.

GEE SAM as Guardian ad Litem for Gee Gin Fay, Plaintiff,

v.

John Foster DULLES, as Secretary of State, Defendant.

Civ. No. 30937.

United States District Court
N. D. California, S. D.

April 23, 1956.

EDWARD P. MURPHY, District Judge.

This is an action for an adjudication of citizenship, jurisdiction for which is found in Section 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903.* Plaintiff is an American citizen who sought to enter the United States from Hong Kong. The American Consulate General refused him a passport, rejecting his claim of American citizenship. Plaintiff then gained admission to the United States for the specific and limited purpose of prosecuting this action to prove his citizenship. In order to be allowed to enter the country, plaintiff had to file with the Immigration and Naturalization Service a bond in the amount of $2,000, containing, so far as is relevant, the following condition:

"* * * and that said alien shall depart from the United States * * * if the final action in court to determine his nationality is not

* Immigration and Nationality Act 1952, 8 U.S.C.A. § 1503.

to the effect that he is a national of the United States."

After the commencement of this action, the defendant conceded the citizenship of the plaintiff. The plaintiff thereupon petitioned the Department of Justice, Immigration and Naturalization Service, to exonerate the bond filed by him on his entry to the United States and to return the collateral for the bond. The Service answered as follows:

" * * * subject was admitted to the United States under Section 3(2) of the Immigration Act of 1924** as an alien temporary visitor for the sole purpose of prosecuting his claim to United States citizenship in the United States District Court.

"Until such time as the subject's claim has been adjudicated by the United States District Court no action can be taken by this Service."

Defendant now moves to dismiss the action as moot, there being no longer any issue as to citizenship. Plaintiff has moved for summary judgment, the facts being uncontroverted.

Defendant makes no issue as to the citizenship of plaintiff, but maintained on oral argument that the court was without jurisdiction in the matter since the reversal of the State Department's denial of citizenship.

It was the original denial of citizenship which, under Section 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903, gave rise to the jurisdiction of this court, and that jurisdiction cannot now be defeated by a change of mind of the defendant. Accord, Hecht Co. v. Bowles, 1944, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754.

The question before the court, therefore, is whether the issue raised in the original proceeding is so moot as to require dismissal. To refuse plaintiff relief in this action is to subject him to the possibility of deportation and the forfeiture of his bond. It is because of the original denial of his citizenship by an agency of the United States that the plaintiff faces both of these adverse possibilities. It lies ill in the mouth of the defendant now to deny the jurisdiction of this court to clarify the status of the plaintiff.

Defendant's motion is therefore denied. Plaintiff's motion for summary judgment is granted. Let the plaintiff prepare findings of fact and conclusions of law in accordance with the Rule.

---

** Immigration and Nationality Act 1952, 8 U.S.C.A. § 1101(a) (15) (B).